## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE FRATICELLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. PIAZZA | : | NO. 08-CV-688 |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 22nd day of May, 2008, upon consideration of petitioner's *pro se*
Motion to Vacate the District Court Judge's Order and Memorandum Dated the 6th Day of
December, 2002, Pursuant to Federal Rules of Civil Procedure, Rule 60(B)(6) (Document No. 1,
filed February 12, 2008); Respondent's Response to Petitioner's Motion to Vacate Judgment and
Order of the Honorable Jan E. DuBois Dated 12/6/2002, Filed by Petitioner Pursuant to Fed. R.
Civ. P. 60(b) (Document No. 3, filed February 22, 2008); and Petitioner's Reply to the
Respondents Response to Petitioner's Motion to Vacate the District Judge's Order and
Memorandum, Dated 12/6/2002, Pursuant to Fed. R. Civ. P. 60(b)(6) (Document No. 7, filed
May 2, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as
follows:

1.      Petitioner's ineffective assistance of counsel claim is **DISMISSED** as a second or
successive habeas petition pursuant to 28 U.S.C. § 2244(b)(1);

2.      In all other respects, petitioner's *pro se* Motion to Vacate the District Court
Judge's Order and Memorandum Dated the 6th Day of December, 2002, Pursuant to Federal
Rules of Civil Procedure, Rule 60(B)(6) is **DENIED**.

## MEMORANDUM

**I.     INTRODUCTION**

Presently before the Court is petitioner's Motion to Vacate the District Court Judge's Order and Memorandum Dated the 6th Day of December, 2002, Pursuant to Federal Rules of Civil Procedure, Rule 60(B)(6) ("Rule 60(b)(6) Motion").  By Order dated December 6, 2002, the Court dismissed petitioner's habeas corpus petition under 28 U.S.C. § 2254 as time-barred. On June 11, 2003, the Court of Appeals for the Third Circuit denied petitioner's application for a certificate of appealability.

For the reasons set forth below, petitioner's Rule 60(b)(6) Motion, to the extent it raises an ineffective assistance of counsel claim, is dismissed.  In all other respects, the Rule 60(b)(6) Motion is denied.

**II.    BACKGROUND**

On July 18, 1995, following a jury trial in the Court of Common Pleas for Delaware County, Pennsylvania, petitioner was convicted of second degree murder, robbery, conspiracy to commit robbery and possession of a firearm without a license.  He was subsequently sentenced to a life term of incarceration.

Petitioner's conviction became final – and the habeas limitations period began to run – on October 30, 1998.  On July 30, 1999, petitioner filed a counseled petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. § 9541 et seq. By that time, nine months of the habeas limitations period had expired.

The PCRA Court denied relief and the Pennsylvania Superior Court affirmed this decision on May 31, 2001.  Under state law, petitioner had thirty days to seek allocatur.  Because petitioner did not file a timely allocatur petition, his PCRA petition was no longer pending at the

2

expiration of that thirty day period on June 30, 2001.  See Swartz v. Meyers, 204 F.3d 417, 420-

21, 424 (3d Cir. 2000).  The habeas limitations period began to run again on that day and it

expired three months later on September 30, 2001.  Petitioner did not file his counseled habeas

petition until May 16, 2002, approximately seven and one-half months after the habeas

limitations period had expired.

On November 7, 2002, Magistrate Judge Diane M. Welsh issued a Report and

Recommendation recommending that the Court dismiss petitioner's 28 U.S.C. § 2254 habeas

petition as time-barred.  After considering petitioner's Objections to the Magistrate Judge's

Report and Recommendation, the Court dismissed the petition by Order and Memorandum dated

December 6, 2002.  In its ruling, the Court addressed petitioner's argument that he was entitled to

equitable tolling of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.

§ 2241 et seq., statute of limitations because of counsel's failure to properly advise petitioner

about the habeas filing deadline.  The Court denied petitioner relief after concluding that

equitable tolling was inapplicable in his case.

## III.    DISCUSSION

### A.    Petitioner's Rule 60(b)(6) Motion

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(6).  In his Motion,

petitioner challenges "[t]he manner in which the District Court reviewed the Plaintiff's

ineffective assistance of counsel claims and the request for equitable tolling, [and] also the

judgment of the District Court concerning the Plaintiff's ineffectiveness claims and his request

for equitable tolling claim . . . ."  (Pet'r's Mot. 5.)  Petitioner devotes the majority of his Rule

60(b)(6) Motion to explaining the Court's error in ruling that he was not entitled to equitable

3

tolling.  In support of his position, petitioner has included correspondence with his prior

attorneys, some of which was included in his exhibits to his Objections to the Magistrate Judge's

Report and Recommendation dated November 7, 2002, and some of which he has now submitted

to the Court for the first time.

### B.      Standard for Motions Under Rule 60(b)(6)

_____Rule 60(b) allows a party to seek relief from a final judgment under a limited set of

circumstances, including fraud, mistake, and newly discovered evidence.  See Fed. R. Civ. P.

60(b).[1]  The general purpose of the Rule is "to strike a proper balance between the conflicting

principles that litigation must be brought to an end and that justice must be done."  Boughner v.

Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or

deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by

accepted legal principles applied in light of all the relevant circumstances.'"  United States v.

Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646,

648 (3d Cir. 1981)).

Rule 60(b)(6) serves as the "catchall provision" in Rule 60(b).  See Coltec Industries, Inc.

v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).  Rule 60(b)(6) "vests power in courts adequate to

---

[1] Rule 60(b) provides that on motion and upon such terms as are just, the court may
relieve a party or a party's legal representative from a final judgment order, or proceeding for the
following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
evidence which by due diligence could not have been discovered in time to move for a new trial
under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the
judgment has been satisfied, released or discharged, or a prior judgment upon which it is based
has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have
prospective application; or (6) any other reason justifying relief from the operation of the
judgment.

4

enable them to vacate judgments whenever such action is appropriate to accomplish justice."

Klapport v. United States, 335 U.S. 601, 614-15 (1949).  The Third Circuit "has consistently held

that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may

only be invoked upon a showing of exceptional circumstances."  Coltec Industries, Inc., 280 F.3d

at 273 (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir.1988)).  A Rule 60(b)(6)

motion must be made within a "reasonable time after the entry of the judgment or order or the

date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

<u>      </u>**C.**　　**Applicability of the AEDPA Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Federal Rule of Civil Procedure 60(b)**

Before reaching the merits of petitioner's Rule 60(b)(6) Motion, the Court must

determine whether petitioner's Rule 60(b)(6) Motion is, in essence, a second or successive 28

U.S.C. § 2254 habeas petition.  Such a ruling is necessary because the AEDPA limits a

petitioner's ability to bring a second or successive habeas petition.  Before filing a second or

successive 28 U.S.C. § 2254 habeas petition raising new claims, a petitioner must obtain an order

from the appropriate court of appeals authorizing the district court to consider the petition.  See

28 U.S.C. § 2244(b)(3)(A).  If a prisoner asserts a claim that he or she has already raised in a

previous federal habeas petition, the claim must be dismissed.[2]  28 U.S.C. § 2244(b)(1).

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule

60(b) motion to vacate a judgment denying a habeas corpus petition under 28 U.S.C. § 2254 is

construed as a second or successive habeas petition where the Rule 60(b) motion seeks to

---

[2] 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

challenge the underlying state conviction.  See Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  In contrast, "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."  Pridgen, 380 F.3d at 727.

A Rule 60(b) motion will be considered a second or successive habeas corpus petition where "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Gonzalez, 545 U.S. at 532 (emphasis in original; footnote omitted).  "A determination that the Rule 60(b) motion was in essence a second or successive habeas petition means that under AEDPA the District Court d[oes] not have jurisdiction to entertain the motion [unless the petitioner is authorized by the court of appeals] to file a successive habeas petition."  Pridgen, 380 F.3d at 725 (citing 28 U.S.C. § 2244(b)).

## 1.     Ineffective Assistance of Counsel

Petitioner argues that he is entitled to relief from "the judgment of the District Court concerning the Plaintiff's ineffectiveness claim . . . ."[3]  (Pet'r's Mot. 5.)  In making this argument, petitioner challenges the validity of his conviction.  Because this portion of the Rule 60(b) Motion "attacks the federal court's previous resolution of a claim *on the merits*," it is a second or successive habeas petition.  Gonzalez, 545 U.S. at 532.  Further, because petitioner

---

[3] The Court did not actually consider the merits of petitioner's ineffective assistance of counsel claim on habeas review because of its ruling that petitioner's claims were time-barred.

asserted an ineffective assistance of counsel claim in his initial habeas petition, that claim must be dismissed.  28 U.S.C. § 2244(b)(1).

**2.      Equitable Tolling of the AEDPA Statute of Limitations**

Petitioner also seeks relief from this Court's holding that his 28 U.S.C. § 2254 habeas petition was time-barred.  Specifically, petitioner argues that he was entitled to equitable tolling of the AEDPA statute of limitations, because his untimely filing resulted from inaction and bad advice on the part of his state post-conviction counsel.  (Pet'r's Mot. 5.)

At issue in Gonzalez was the question whether the petitioner could utilize Rule 60(b) to challenge the district court's ruling dismissing a habeas petition under 28 U.S.C. § 2254 on statute of limitations grounds.  545 U.S. at 526.  The Supreme Court concluded that the petitioner's Rule 60(b) motion was not the equivalent of a successive habeas petition because the motion attacked a defect in the integrity of the federal habeas proceedings, and did not present a "claim" for habeas relief.  Id. at 532-36.  As a result, the Court held that the district court could rule on the Rule 60(b) motion and address the statute of limitations question without prior authorization by the court of appeals.  Id. at 536-38.

In this case, petitioner challenges this Court's ruling with respect to the AEDPA statute of limitations.  Such a motion is "properly construed . . . as arising under Rule 60(b)(6)."  Turner v. Dragovich, 163 Fed. Appx. 97, 99 (3d Cir. 2006) (not precedential); see also Prout v. Varner, 2008 WL 591048 (E.D. Pa. Feb. 29, 2008) (considering request for equitable tolling of the AEDPA statute of limitations under Rule 60(b)); Fugah v. Mazurkiewicz, 2005 WL 984203 (E.D. Pa. Aug. 27, 2005) (same).  Accordingly, the Court will address petitioner's argument that he is entitled to equitable tolling of the AEDPA limitations period.

7

**D.      Petitioner is Not Entitled to Equitable Tolling of the AEDPA Statute of Limitations**

A petitioner may only obtain relief under Rule 60(b)(6) where his motion is made within a "reasonable time after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  In this case, the Court issued its Order denying petitioner's 28 U.S.C. § 2254 habeas petition on December 6, 2002.  Petitioner did not file the instant Rule 60(b)(6) Motion until February 12, 2008, more than five years after the date of the Court's order.  Petitioner offers no explanation for this lengthy delay, nor does he present any evidence that was not available to him earlier.  Under the facts of this case, the Court finds that the delay of five years was not a "reasonable time."  Thus, the Court denies petitioner's Rule 60(b)(6) Motion.

Even if petitioner's filing was timely, the Court would nonetheless deny relief. Petitioner's motion attacks the Court's legal analysis in denying petitioner's habeas corpus petition as time-barred.  See, e.g., (Pet'r's Rep. 6) ("[T]he question is was the District Court's decision based on a legal error.")  The Third Circuit has held that such an attack, without more, does not provide a basis for relief under Rule 60(b)(6).  See Pridgen, 380 F.3d at 728; see also Ibarra v. W.Q.S.U. Radio Broadcast Org., 218 Fed. Appx. 169, 170 (3d Cir. 2007) (not precedential).  That court explained that "[l]egal error does not by itself warrant the application of Rule 60(b) . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)."  Pridgen, 380 F.3d at 728 (quoting Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir.1977)).

Further, even if legal error could provide a basis for Rule 60(b)(6) relief, this Court did not err in denying petitioner's habeas corpus petition.  As the Court explained in its Order and

Memorandum of December 6, 2002, equitable tolling is inapplicable to petitioner's case because petitioner failed to exercise reasonable diligence in investigating and bringing his federal habeas claims after his state PCRA petition was no longer pending.  Petitioner's Rule 60(b)(6) Motion does present evidence of any "extraordinary circumstances" which would lead the Court to vacate that decision.  See Coltec Industries, Inc., 280 F.3d at 273.

IV.     CONCLUSION

For the foregoing reasons, petitioner's Rule 60(b)(6) Motion, to the extent it raises an ineffective assistance of counsel claim, is dismissed.  In all other respects, the Rule 60(b)(6) Motion is denied.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**